UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES ANTHONY WILLIAMS,

    Plaintiff,

v.

STEPHEN SINCLAIR, et al.,

    Defendants.

CASE NO. 3:19-CV-05185-RBL-DWC

REPORT AND RECOMMENDATION

Noting Date: April 26, 2019

    The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Before the Court is Plaintiff James Anthony Williams' Declaration and Application to Proceed *In Forma Pauperis* ("Motion"). Dkt. 1. After reviewing the Motion, the Court concludes Plaintiff has incurred three "strikes" under 28 U.S.C. § 1915(g) and has failed to show he is under imminent danger of serious physical injury. Therefore, the Court recommends Plaintiff's Motion (Dkt. 1) be denied and Plaintiff be directed to pay the $400.00 filing fee in order to proceed with this action.

**I.    Background**

    Plaintiff, who is a Washington State prisoner currently incarcerated at the Washington State Penitentiary ("WSP"), filed the Motion and proposed complaint in this civil rights action on March 8, 2019. Dkt. 1, 1-1. In the proposed complaint, Plaintiff alleges that, while he was

housed at the Monroe Correctional Complex ("MCC"), Defendants forced him to take an anti-psychotic medication, Zyprexa, in the third and fourth weeks of November 2017. Dkt. 1-1. Plaintiff contends Defendants knew he was extremely allergic to the medication, but forced him to take the medication and, as a result, Plaintiff suffered life-threatening side-effects. *Id*. Plaintiff also alleges Defendants destroyed Court documents and transferred Plaintiff to different correctional facilities throughout the state in an effort to ensure Plaintiff would dismiss his previous lawsuits. *Id*.

**II.   Discussion**

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, governs *in forma pauperis* ("IFP") proceedings. Under § 1915(a), a district court may waive the filing fee for civil complaints by granting IFP status to individuals unable to afford the fee. *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). "To address concerns that prisoners proceeding IFP were burdening the federal courts with frivolous lawsuits, the PLRA altered the IFP provisions for prisoners in an effort to discourage such suits." *Id.* (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3rd Cir. 2001) (en banc)). Indigent prisoners still receive IFP status if they meet the requirements, but § 1915(b) states prisoners proceeding IFP must pay the filing fee when funds become available in their prison accounts. 28 U.S.C. §1915(b); *Cervantes*, 493 F.3d at 1051. "Additionally, prisoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three-strikes rule." *Cervantes*, 493 F.3d at 1051-52. The "three-strikes rule," contained in §1915(g), states:

> [i]n no event shall a prisoner bring a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Court notes the PLRA's strike provision does not distinguish between dismissals with prejudice, dismissals without prejudice, actions dismissed on the merits, or actions dismissed pursuant to the PLRA's screening provisions. *O'Neal v. Price*, 531 F.3d 1146, 1154-55 (9th Cir. 2008). When an application is rejected pursuant to the screening provisions of 28 U.S.C. § 1915 and the case is dismissed, the dismissal counts as a strike. *Id* at 1155.

On April 5, 2019, the Honorable Michelle L. Peterson entered a Report and Recommendation finding Plaintiff had incurred three strikes and recommending Plaintiff's application to proceed IFP be denied. *See Williams v. Sinclair*, Case No. 2:19-cv-345-JCC (W.D. Wash., April 5, 2019). Concurring with Judge Peterson, the undersigned finds the following cases, which were filed while Plaintiff was incarcerated and dismissed for failure to state a claim prior to Plaintiff initiating this lawsuit, constitute strikes: *Williams v. Portine*, Case No. 2:11-cv-1214-JCC (W.D. Wash.); *Williams v. Neely*, Case. No. 2:15-cv-489-BJR (W.D. Wash.); and *Williams v. Collins*, Case No. 2:15-cv-735-MJP (W.D. Wash.).[1] The Court also finds Plaintiff initiated at least three cases while incarcerated that were dismissed for failure to obey a court order after Plaintiff failed to amend deficient complaints and was warned that the failure to do so could result in dismissal of the complaints under § 1915. *See Williams v. Warner*, Case No. 3:17-cv-5615-BHS (W.D. Wash.); *Williams v. Gage*, Case No. 3:17-cv-6076-RBL (W.D. Wash.); *Williams v. Cogburn*, Case No. 3:17-cv-6077-BHS (W.D. Wash.). As the Court placed Plaintiff on notice that he had failed to state a claim, these dismissals also arguably count as strikes under Ninth Circuit precedent. *See Harris v. Mangum*, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

---

[1] The Court notes the Eastern District of Washington has also determined the three cited cases are strikes and has denied Plaintiff IFP status. *See Williams v. Holbrook*, Case No. 4:16-cv-5086-SAB (E.D. Wash.).

1    As Plaintiff has incurred at least three strikes, he may not proceed IFP unless he can show
2 he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Cervantes*, 493
3 F.3d at 1053 ("[I]t is the circumstances at the time of the filing of the complaint that matters for
4 purposes of the 'imminent danger' exception to § 1915(g)."). The imminent danger exception
5 requires a prisoner allege a danger which is "ready to take place" or "hanging threateningly over
6 one's head." *Cervantes*, 493 F.3d at 1056. The Ninth Circuit has held that "requiring a prisoner
7 to 'allege ongoing danger . . . is the most sensible way to interpret the imminency requirement.'"
8 *Id.* (quoting *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998)). Additionally, the plaintiff
9 must make specific or credible allegations showing the threat to her is real and proximate.
10 *Cervantes*, 493 F.3d at 1053 (citing *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002); *Kinnell*
11 *v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001)).
12    Plaintiff makes no specific or credible showing that he was in imminent danger of serious
13 physical injury at the time he filed this case. The claims asserted in this action relate to a two-
14 week period of time in November 2017 when Plaintiff was forced to take an anti-psychotic
15 medication while he was confined at MCC. The claims do not pertain in any way to Plaintiff's
16 current conditions of confinement at WSP. Nonetheless, Plaintiff asserts he is in imminent
17 danger because he is allergic to, and suffers life-threatening side-effects from, all anti-psychotic
18 medications and Defendants have failed to document this allergy in Plaintiff's medical and
19 mental health records. *See* Dkt. 1-1, pp. 8-9.
20    Plaintiff's assertion that he is allergic to anti-psychotic medications is conclusory.
21 Plaintiff apparently concludes he is allergic to Zyprexa solely from the fact that he has been
22 found to be allergic to three other anti-psychotic drugs during his time in Washington
23 Department of Corrections custody; *i.e.*, Prolixin, Haldol and Risperidone. Dkt. 1-1, pp. 6-7.
24

Moreover, though Plaintiff claims he suffered severe side-effects from Zyprexa in 2017, he does not allege he currently suffers from any such side-effects. Plaintiff simply details the possible effects of long-term use of anti-psychotic drugs generally. *See id*. at p. 7. Finally, Plaintiff does not assert he is currently being forced to take Zyprexa now that he is housed at a different facility. In this Court's view, Plaintiff's claims of imminent danger are speculative at best and therefore insufficient to satisfy the imminent danger exception to the § 1915(g) bar.

### III.   Conclusion

For the above stated reasons, the Court finds Plaintiff has incurred at least three strikes under 42 U.S.C. § 1915(g) and has not shown the imminent danger exception applies. Therefore, the Court recommends Plaintiff's Motion (Dkt. 1) be denied. The Court further recommends Plaintiff be ordered to pay the $400.00 filing fee within thirty (30) days of the date on which this Report and Recommendation is adopted and, if the fee is not paid, dismiss this case without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on April 26, 2019, as noted in the caption.

Dated this 9th day of April, 2019.

David W. Christel
United States Magistrate Judge